BENJAMIN OLIVER SLY,

   Plaintiff,

v.

SULLIVAN COUNTY SHERIFF'S
OFFICE and CO PERRY,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)

No.: 2:26-CV-115-TRM-CRW

## MEMORANDUM AND ORDER

Plaintiff, a pro se prisoner incarcerated at the Sullivan County Detention Center, has filed a complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, **DISMISS** Plaintiff's claims, and **ORDER** Plaintiff to file an amended complaint if he wishes to pursue this litigation.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion (Doc. 4) demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court will **GRANT** this motion (*Id.*).

The Court will **ASSESS** Plaintiff the civil filing fee of $350.00 and **DIRECT** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee, 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Court will **DIRECT** the Clerk to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.  SCREENING OF COMPLAINT

### A.  Standard

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### B.  Plaintiff's Allegations

On November 10, 2025, Plaintiff was ordered to pack his items "[a]fter a brief altercation" at the Sullivan County Jail (Doc. 1, at 3).  While complying with those instructions,

he "was thrown into a cell wall" in Dayroom B, Unit 3, cell 14 by Defendant Corrections Officer ("CO") Perry (*Id.*). Plaintiff has "been harassed frequently by this shift" (*Id.*).

Another time, Plaintiff "was inexcusably beaten for no reason after having a severe seizure" that the officer interpreted as resisting (*Id.* at 4). Plaintiff "was moved to a different area for no reason" except the officer's "impartiality to [Plaintiff] having genuine seizures" (*Id.*). Plaintiff was moved to "O.V"[1] (*Id.*). Three officers then slammed Plaintiff to the floor and delivered closed-fist strikes while Plaintiff "clearly stated [that he] was being compliant" (*Id.*).

On March 27, 2026, in Dayroom B, Unit 3, cell 16, Plaintiff was "slammed" face first onto the floor "while attempting to defend [him]self" (*Id.*). The CO on duty then slammed Plaintiff's head into the door frame as Plaintiff was attempting to leave the cell (*Id.*). Plaintiff sustained facial and cranial wounds, along with bruising on his wrists from being handcuffed (*Id.*). Plaintiff's public defender sent a photographer to document Plaintiff's injuries two days later (*Id.*).

Plaintiff has told the medical staff several times that hypoglycemia causes him to have seizures, but the staff never takes this information "into account" (*Id.* at 5). Plaintiff also has an injured rotator cuff due to the use of excessive force, but officers ignore Plaintiff when he reminds them that he "remain[s] complacent" (*Id.*).

Most inmates in Plaintiff's segregated housing unit are not allowed commissary, but some specific inmates are allowed to receive commissary food items (*Id.*).

---

[1] Plaintiff does not explain this abbreviation, and the Court is uncertain of its meaning or importance.

On April 19, 2026, Plaintiff was harassed by COs—namely, CO Tignor—regarding his late mother (*Id.*). On April 18, 2026, Plaintiff was ridiculed and "sexualized" while being strip searched "in the O.V. unit (mop closet)" (*Id.*).

Aggrieved by these events, Plaintiff filed the instant action against the Sullivan County Sheriff's Office ("SCSO") and CO Perry seeking monetary damages (*Id.* at 6).

**C.        Analysis**

Plaintiff cannot maintain a claim against the Sullivan County Sheriff's Office, because it is not a legal entity subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). And while Sullivan County is a "person" for purposes of § 1983, it can only be held liable if it implemented or maintained an official policy or custom that caused a violation of Plaintiff's rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). Plaintiff has not alleged any facts that would permit the plausible inference that his constitutional rights were violated because of Sullivan County's policies or customs. Accordingly, this Defendant will be **DISMISSED**.

The remaining Defendant named in this action is CO Perry. To state a claim against Defendant Perry, Plaintiff must adequately plead that Defendant Perry's own actions violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were

personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).  Plaintiff only mentions Defendant Perry once in his complaint. Specifically, he alleges that CO Perry threw him into a cell wall while Plaintiff was packing and "being compliant" (Doc. 1, at 3).  But "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," gives rise to a constitutional violation. *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Rather, to maintain a claim that CO Perry's use of force violated Plaintiff's constitutional rights, Plaintiff must show, at a minimum, "that the force purposely or knowingly used against him was objectively unreasonable."  *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).  Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include the following:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (citing *Kingsley*, 576 U.S. at 397).

Here, Plaintiff does not provide sufficient details for the Court to plausibly infer that CO Perry's actions rise to the level of a constitutional violation.  For example, Plaintiff notes that an "altercation" of some sort occurred before this incident, but he does not offer any additional facts to allow the Court to determine whether Plaintiff's actions posed a security or threat issue. Additionally, Plaintiff does not state what, if any, injury he suffered as a result of this incident. Therefore, while it is *possible* that CO Perry's actions rose to the level of a constitutional violation, Plaintiff has not alleged sufficient underlying facts to render it *plausible*.  *See, e.g., Iqbal*, 556 U.S. at 678.  As such, Plaintiff's use-of-force claim against CO Perry will be **DISMISSED**.

5

Plaintiff does not identify a specific wrongdoer with regard to his remaining allegations. But these, too, fail to state a claim. In his remaining allegations, Plaintiff fails to identify the officers who have used force against him or described the surrounding circumstances; it is unclear whether he seeks to raise a claim for the denial of medical care in this action[2] and, if so, against whom; and he complains of circumstances that do not rise to the level of a constitutional violation, even if the allegedly offending individual(s) were properly identified. As to this last point, the Court notes that Plaintiff complains that he has been harassed and ridiculed. But such conduct does not rise to the level of a constitutional violation. *See, e.g. Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (finding verbal harassment or threats by prison official does not constitute punishment in constitutional sense); *White v. Hamilton Cnty. Jail*, No. 1:08-CV-53, 2011 WL 864855, at *8 (E.D. Tenn. Mar. 10, 2011) (finding the plaintiff's "claim that some of the defendants engaged in verbally abusive behavior, laughed at him, and ridiculed him, fails to state a constitutional violation"). Plaintiff also complains that some inmates in his unit get commissary while others do not. But Plaintiff has no right to commissary privileges. *Adams v. Hardin Cnty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *3 (W.D. Ky. May 16, 2016) (noting inmates have "no federal constitutional right to purchase items (food or non-food) from a commissary at all"). And he has not otherwise pled facts indicated that the inmates who do get commissary privileges are sufficiently "similarly situated" to him to implicate his equal protection rights. *See, e.g.*, *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379

---

[2] The Court notes that Plaintiff has initiated a separate lawsuit alleging the denial of adequate medical care. *See Sly v. Sullivan Cnty. Sheriffs Dep't*, No. 2:26-MC-21-DCLC-CRW. The Court **NOTIFIES** Plaintiff that he cannot maintain claims related to his medical care at Sullivan County Detention Facility in two lawsuits. *See, e.g., Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) (noting "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time").

6

(6th Cir. 2011).  Finally, Plaintiff complains that he was arbitrarily moved to a different area. However, he has no protected interest in being housed in any particular unit or facility.  *See Olim v. Wakinekona*, 461 U.S. 238, 245–46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Therefore, these allegations fail to raise constitutional issues, regardless of whether Plaintiff can identify the individual(s) responsible for these events.

Even so, it is possible that Plaintiff may be able to present additional facts that state a plausible constitutional claim if he is permitted an opportunity to amend his complaint. Accordingly, if Plaintiff wishes to proceed in this action, he is **ORDERED** to file an amended complaint within fourteen days of entry of this Order that contains a plain, short statement of his claims supported by specific factual detail, including the parties responsible, the injuries suffered, the constitutional right infringed, and his requested relief.  To help the Court determine which factual allegations are claims (as opposed to background or supporting facts), Plaintiff **must** present his claims in numbered paragraphs.  Plaintiff **must** avoid conclusory legal statements or arguments in this amended complaint.  The Court will **DIRECT** the Clerk to mail Plaintiff a § 1983 form for this purpose.

The Court **NOTIFIES** Plaintiff that it will only address the merits of Plaintiff's claims that relate to his original complaint.  Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such claims.  Further, the Court **NOTIFIES** Plaintiff that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

7

Plaintiff is **CAUTIONED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court and for failure to state a claim.

The Court **NOTIFIES** Plaintiff that it **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. Plaintiff's claims against Defendants are **DISMISSED**;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

6. Plaintiff is **ORDERED** to complete the § 1983 form within fourteen (14) days in accordance with the directives stated above if he wishes to pursue this litigation;

7. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action; and

8. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

8

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

9